FILED
CLERK, U.S. DISTRICT COURT
02/24/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCISCO ISAIAS,<br>JOAQUIN PEREZ, and<br>JP'S COLLISION AND AUTO BODY<br>   CENTER, INC.,<br><br>    Defendants. | ED CR No. 5:21-cr-00035-JGB<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1343, 1346: Wire Fraud Involving Deprivation of Honest Services; 18 U.S.C. §§ 208(a), 216(a)(2): Conflicts of Interest; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH SEVEN

[18 U.S.C. §§ 1343, 1346]

[ALL DEFENDANTS]

A. INTRODUCTORY ALLEGATIONS

    1. At times relevant to this Indictment:

        a. The United States Forest Service (the "Forest Service") was an agency of the United States of America. The Forest Service acted as the caretaker agency for the San Bernardino National Forest, consisting of 679,380 acres of public land located in San Bernardino and Riverside Counties, set aside for the conservation of

natural resources such as trees, water, minerals, livestock range, recreation, and wildlife. The Forest Service employed people in a variety of positions at the San Bernardino National Forest, including as rangers and firefighters. To support the activities of its employees in the San Bernardino National Forest and elsewhere, the Forest Service owned and used a fleet of vehicles. The Forest Service utilized private businesses, such as automotive repair shops, to perform maintenance and repair on its vehicles.

   b. Defendant FRANCISCO ISAIAS worked for the Forest Service as a Fleet Maintenance Inspector. Among other things, as a Fleet Maintenance Inspector, defendant ISAIAS selected the businesses that would maintain and repair Forest Service vehicles; he decided which businesses would perform a particular maintenance or repair job on a Forest Service vehicle; and he approved specific expenditures on Forest Service vehicles. Based on his employment and duties, defendant ISAIAS owed a duty of honest services to the Forest Service. Defendant ISAIAS used various business names, including Vet Runners Transportation, Francisco Isaias Trucking, and SIK Parts. Defendant ISAIAS utilized multiple bank accounts, including a Chase Bank account in the name of SIK Parts ("ISAIAS's SIK Account").

   c. Defendant JOAQUIN PEREZ was the manager, operator, and control person for defendant JP'S COLLISION AND AUTO BODY CENTER, INC. ("defendant JP'S AUTO"), an automotive repair business located at 154 W. Bryant Street, Bloomington, California 92316. Defendant JP'S AUTO used the fictitious business name "Safety 1st Fleet Services," also known as "In Safety 1st Fleet Services" ("Safety First"), for a mobile automotive repair business that defendant PEREZ also controlled. Defendant PEREZ utilized a Chase Bank account in

the name of JP'S AUTO ("JP's AUTO Account"). Safety First operated out of the same location as defendant JP'S AUTO, but Safety First used 13262 Blue Gum Drive, Rancho Cucamonga, California 91739 as its address of record.

    d. Among other methods of payment, the Forest Service used commercial fleet charge cards, known as WEX cards, to pay for vehicle repairs and maintenance. Vendors, such as defendant JP'S AUTO and Safety First, would enter into an agreement with Wright Express Financial Services Corporation, to utilize WEX cards as a form of electronic payment. The vendors could submit purchases either electronically through a point-of-sale device, or manually, in conjunction with obtaining an authorization for the charge from Wright Express Financial Services Corporation via telephone. Each use of the WEX card system required the vendor to input various types of information, including a driver identification number, also referred to as a PIN number. All WEX transactions were processed electronically outside of the State of California.

    e. Federal regulations required maintenance or repair services costing more than $2,500 to be arranged and bid under federal contracting procedures.

B. THE FRAUDULENT SCHEME

  2. Beginning on an unknown date, but no later than in or about June 2013, and continuing through at least on or about March 16, 2017, in San Bernardino County, within the Central District of California, and elsewhere, defendants ISAIAS, PEREZ, and JP'S AUTO, together with others known and unknown to the Grand Jury, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud the Forest Service as to material

3

matters, including by depriving the Forest Service of its right to the intangible right of honest services of defendant ISAIAS, namely, the honest performance of defendant ISAIAS's duties as a Forest Service Fleet Maintenance Inspector, by secretly using defendant ISAIAS's official position to enrich defendants ISAIAS, PEREZ, and JP'S AUTO and their co-schemers by directing that Forest Service vehicles be serviced by defendant JP'S AUTO and Safety First, in exchange for bribes and kickbacks.

C.   MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME

3.   The fraudulent scheme operated, in substance, in the following manner:

   a.   Defendant ISAIAS would receive from defendants PEREZ and JP'S AUTO, and defendants PEREZ and JP'S AUTO would give to defendant ISAIAS, bribes and kickbacks.

   b.   In exchange for the bribes and kickbacks, defendant ISAIAS would provide favorable official action on behalf of the Forest Service to defendant PEREZ, defendant JP'S AUTO, and other co-schemers by steering Forest Service vehicle maintenance and repair work to defendant JP'S AUTO and Safety First and by approving the expenditure of Forest Service funds on bills submitted by defendant JP'S AUTO and Safety First.

   c.   Defendants ISAIAS and PEREZ would meet at the physical premises of defendant JP'S AUTO in Bloomington, California and decide how much to submit in charges to the Forest Service on behalf of defendant JP'S AUTO and Safety First.

   d.   Defendants ISAIAS, JP'S AUTO, and PEREZ would circumvent federal regulations requiring maintenance or repair services costing more than $2,500 to be arranged and bid under

federal contracting procedures. Specifically, for vehicle maintenance and repair work costing more than $2,500, defendant ISAIAS would fail to solicit other vendors for the Forest Service vehicle maintenance and repair work he ultimately directed to defendant JP'S AUTO and Safety First. Additionally, defendant ISAIAS would fail to create written work orders before awarding the work to defendant JP'S AUTO and Safety First. For their part, defendants PEREZ and JP'S AUTO would submit multiple charges, each less than $2,500 via the WEX card system (i.e., "split purchases"), on behalf of defendant JP'S AUTO and Safety First, which defendant ISAIAS approved.

   e. To conceal the fraudulent conduct of defendants ISAIAS, PEREZ, and JP'S AUTO, defendant ISAIAS would not submit invoices for work performed or purportedly performed on Forest Service vehicles in order to avoid making invoices available to other Forest Service employees, such as by following the procedure of placing such records in assigned vehicle history files.

   f. Defendants ISAIAS, PEREZ, and JP'S AUTO would cause the Forest Service to pay defendant JP'S AUTO and Safety First approximately $898,528 between June 1, 2014 and November 30, 2016. Defendant ISAIAS would personally approve a vast majority of the payments.

   g. Defendants PEREZ and JP'S AUTO would provide approximately in excess of $360,000 in bribes and kickbacks to defendant ISAIAS as follows:

    i. From September 18, 2015 through February 28, 2017, defendant PEREZ caused defendant JP'S AUTO and Safety First to

5

pay defendant ISAIAS approximately $49,866 through defendant ISAIAS's fictitious business SIK Parts.

    ii. From November 18, 2016 to January 30, 2017, defendant PEREZ caused defendant JP'S AUTO to finance the purchase of tractor trucks and trailers at a cost of $313,947 on behalf of defendant ISAIAS for his trucking business.

D. USE OF INTERSTATE WIRES

  4. On or about the dates set forth below, in San Bernardino County, within the Central District of California, and elsewhere, defendants ISAIAS, PEREZ, and JP'S AUTO, together with others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| ONE | February 26, 2016 | Check from JP'S AUTO Account for approximately $2,736.72 deposited into ISAIAS's SIK Account in California, and processed electronically outside of California |
| TWO | March 1, 2016 | WEX wire payment request from defendant JP'S AUTO in California, in the approximate amount of $577.50, processed in Colorado, and associated with PDID number 85662 |
| THREE | May 13, 2016 | Check from JP'S AUTO Account for approximately $4,920 deposited into ISAIAS's SIK Account in California, and processed electronically outside of California |
| FOUR | May 26, 2016 | Check from JP'S AUTO Account for approximately $6,500 deposited into ISAIAS's SIK Account in California, and processed electronically outside of California |
| FIVE | November 15, 2016 | Check from JP'S AUTO Account for approximately $6,500 deposited into ISAIAS's SIK Account in California, and processed electronically outside of California |

| COUNT | DATE | WIRE TRANSMISSION |
|---|---|---|
| SIX | November 15, 2016 | Check from JP'S AUTO Account for approximately $1,000 deposited into ISAIAS's SIK Account in California, and processed electronically outside of California |
| SEVEN | January 30, 2017 | Wire transfer in the approximate amount of $115,825 from JP'S AUTO Account in California to an account ending in 7607 at PNC Bank in New Jersey |

COUNTS EIGHT THROUGH NINETEEN

[18 U.S.C. §§ 208(a), 216(a)(2)]

[DEFENDANT ISAIAS]

5. The Grand Jury re-alleges paragraph 1 of this Indictment here.

6. On or about the following dates, in San Bernardino County, within the Central District of California, defendant FRANCISCO ISAIAS, being an employee of the United States Forest Service ("Forest Service") and therefore an employee of the executive branch of the United States Government, knowingly and willfully participated personally and substantially as a Government officer and employee, through decision, recommendation, the rendering of advice, and otherwise, in the following claims in which defendant ISAIAS knew he had a financial interest, that is, defendant ISAIAS personally approved payments to Safety 1st Fleet Services, also known as In Safety 1st Fleet Services ("Safety First") and JP's Collision and Auto Body Center, Inc. ("JP's Auto"), knowing that he was receiving payments from Safety First and JP's Auto, and that he had an agreement with the operator of Safety First and JP's Auto, whereby the operator would finance the acquisition of tractor trucks and trailers for use by defendant ISAIAS in a trucking business:

| COUNT | TRANSACTION DATE | CLAIM |
|---|---|---|
| EIGHT | June 28, 2016 | Claim submitted by Safety First for automotive services in the amount of $273.75 on Forest Service Vehicle Number 7124 |
| NINE | June 28, 2016 | Claim submitted by Safety First for automotive services in the amount of $167.52 on Forest Service Vehicle Number 6279 |

| COUNT | TRANSACTION DATE | CLAIM |
|---|---|---|
| TEN | June 28, 2016 | Claim submitted by Safety First for automotive services in the amount of $116.25 on Forest Service Vehicle Number 7253 |
| ELEVEN | July 28, 2016 | Claim submitted by JP's Auto for repairs in the amount of $2,495 on Forest Service Vehicle Number 7124 |
| TWELVE | September 1, 2016 | Claim submitted by Safety First for transmission service in the amount of $1,847.73 on Forest Service Vehicle Number 6129 |
| THIRTEEN | September 1, 2016 | Claim submitted by Safety First for automotive services in the amount of $1,468.84 on Forest Service Vehicle Number 4451 |
| FOURTEEN | September 1, 2016 | Claim submitted by Safety First for automotive services in the amount of $1,418.66 on Forest Service Vehicle Number 6080 |
| FIFTEEN | September 1, 2016 | Claim submitted by Safety First for automotive services in the amount of $838.06 on Forest Service Vehicle Number 6689 |
| SIXTEEN | September 1, 2016 | Claim submitted by Safety First for automotive services in the amount of $518.58 on Forest Service Vehicle Number 6285 |
| SEVENTEEN | September 1, 2016 | Claim submitted by Safety First for automotive services in the amount of $169.48 on Forest Service Vehicle Number 6142 |
| EIGHTEEN | October 27, 2016 | Claim submitted by JP's Auto for repairs in the amount of $1,837.35 on Forest Service Vehicle Number 3635 |
| NINETEEN | October 27, 2016 | Claim submitted by JP's Auto for repairs in the amount of $909.10 on Forest Service Vehicle Number 1324 |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office

SEAN D. PETERSON
Assistant United States Attorney
Riverside Branch Office